## JOSEPH W. NYE *vs.* INHABITANTS OF MARION.

A vote of a town to set off a certain person by name, without adding " and his estate," from one school district to another, is invalid, although by another vote passed at the same meeting the town set off another person " and his property " from the latter district to the former.

DEWEY, J. This action is brought under *St.* 1845, *c.* 214, to recover damages for being unlawfully excluded from public school instruction in School District No 4 in the town of Ma-

rion.   The case raises the question whether Barnabas B. Nye, the father of the plaintiff, under whose rights and liabilities, as a member of that district, the plaintiff asserts his claim to enjoy the benefit of the public schools in that district, was a legal member of that school district ?

By a division of the town into school districts, which had at a former period been legally made by geographical limits, the father was an inhabitant and member of School District No. 5 in said town.   That division into districts, and the fact that the father was a member of District No. 5, negative the right claimed by the plaintiff, unless it appears that upon a new division of districts, or change in the boundaries thereof, the father has been transferred to District No. 4.   The only evidence of such change is that which results from the doings of a town meeting holden in February 1854, at which, under an article in the warrant " to vote such alterations in the line dividing School Districts Nos. 4 and 5 as the town may deem necessary," it was, after voting " to set off George S. Bates from School District No. 4 to School District No. 5, and to set off W. N. Ellis and his property from School District No. 5 to School District No. 4," voted also " to set off Barnabas B. Nye from School District No. 5 to School District No. 4."

The above vote did not constitute Barnabas B. Nye a member of School District No. 4.   It will be perceived not to fall within the case of *Alden* v. *Rounseville*, 7 Met. 218, where the language was, to set off certain persons by name, " with all their polls and estates, to School District No. 19."   In that case the court, with some doubt and hesitation, came to the opinion that the setting off of the estates of the individuals to School District No. 19 might be considered as permanently adding to the district the real estate of such individuals, with its local boundaries, and was therefore no violation of the provision of the statute, requiring school districts to be divided with geographical boundaries.

But we have not been disposed to go further, or extend the doctrine of that case.   In the later case of *Frye* v. *School District in Athol*, 4 Cush. 251, the court directly held, that setting off

21 *

individuals by name to a school district did not constitute the individuals members of the district.

We perceive, in the vote of the town of Marion, nothing beyond a vote to set off Barnabas B. Nye personally to School District No. 4. This was not in compliance with the provision of law, and is therefore of no effect.          *Plaintiff nonsuit.*

*S. Miller, Jr.* for the plaintiff.

*B. Sanford,* for the defendants.